UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

EDWARD CRESPO, an individual,

    Plaintiff,

vs.

THE BRACHFELD LAW GROUP, a
California Professional Corporation, and
MERIDIAN MANAGEMENT SOLUTIONS,
LLC, a California corporation,

    Defendants.
_____/

**COMPLAINT**

    Plaintiff, EDWARD CRESPO, sues Defendants, THE BRACHFELD LAW GROUP, P.C. and MERIDIAN MANAGEMENT SOLUTIONS, LLC, and alleges the following:

**JURISDICTION, VENUE, PARTIES AND JURY DEMAND**

    1.    This is an action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., which is within this Court's original, federal question jurisdiction pursuant to 28 U.S.C. § 1331, and for state law claims within the Court's supplemental jurisdiction pursuant to 28 U.S. C. § 1367.

    2.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because each of the Defendants to this action resides in this District within the meaning of 28 U.S.C. § 1391(c), and because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this district.

3. Plaintiff, EDWARD CRESPO (hereinafter "Crespo"), at all times material to this lawsuit, was and is a resident of Broward County, Florida.

4. Defendant, MERIDIAN MANAGEMENT SOLUTIONS, LLC ("Meridian"), is a corporation organized and existing under the laws of California, is registered with the Florida Secretary of State as a Foreign for-profit corporation, and does substantial and not isolated business within the territory of the Southern District of Florida.

5. Defendant, THE BRACHFELD LAW GROUP, P.C. ("Brachfeld"), is a corporation organized and existing under the laws of California, and does substantial and not isolated business within the territory of the Southern District of Florida directly and through its affiliated business, Meridian.

6. Upon information and belief, Meridian and Brachfeld share the same officers, directors and/or shareholders, to wit: Erica L. Brachfeld and Ralph Ayala Jr. Due to their shared ownership and due to their combined efforts alleged herein, Meridian and Brachfeld are sued herein and are liable jointly and severally to Crespo.

7. Brachfeld and Meridian are subject to personal jurisdiction in this District and in this Court pursuant to Florida Statutes § 48.193, in that each conducts substantial and not isolated business within the Southern District of Florida and otherwise has sufficient contacts within Florida and this District upon which to support personal jurisdiction, and because subjecting Brachfeld and Meridian to personal jurisdiction in this District does not otherwise offend traditional notions of fair play and substantial justice.

8. Plaintiff demands that all issues in this case be tried by a jury in accordance with the Seventh Amendment to the United States Constitution and Rule 38(b) of the Federal Rules of Civil Procedure.

9. All conditions precedent to the maintenance of this action by Plaintiff have occurred, or have been waived, performed or excused.

10. Plaintiff has retained the undersigned law firm as his legal counsel in connection with this action, and is obligated to pay reasonable attorneys' fee and all costs incurred in connection therewith.

**GENERAL ALLEGATIONS**

11. Prior to February 2009, Crespo had two credit card accounts with Citibank which, due to economic conditions leading to Crespo's inability to pay, went into default.

12. On or before September 28, 2010, the credit accounts were placed into collections with Meridian and Brachfeld. On September 28, 2010, Meridian contacted Crespo by telephone at his residence in Hollywood, Broward County, Florida. The caller ID displayed "800 Service" and "18668346218".

13. When Crespo answered the telephone, the individual calling identified himself as Derrick Brooks, stated that he was calling from "Attorney Erica Brachfeld's Office," and then stated that, "We need the name and number of your attorney."

14. Mr. Brooks never gave the disclosures mandated by the Federal Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA"). Mr. Brooks never disclosed to Crespo that he was recording the telephone call. When told so by Crespo, Brooks stated, "I see where this is going," and the telephone call was terminated.

15. On September 29, 2010, Crespo received another call from the same telephone number, by an individual identifying himself as Mr. Mooreland. This individual also did not make the disclosures required by the FDCPA and the FCCPA, and he did not disclose that the call was being recorded. Crespo asked that Mooreland transfer the call to his supervisor. When transferred,

an individual named Mr. Samuels came on the line. Crespo told Samuels of the violations. Crespo continued to believe that he was being called by lawyers during these calls.

16.     Six days later, on October 4, 2010, at 6:58 p.m. EST, Crespo received another call from "800 Service" and telephone number "18668248218". Crespo answered the telephone and asked that a supervisor return the phone call to discuss what Crespo believed to be FDCPA and FCCPA violations, as well as violations of Federal and Florida law governing the recording of telephone calls.

17.     At 7:13 p.m. EST the same day, Crespo received a telephone call from telephone number "17135797000" and "MERIDIAN MGMT". The area code indicated that the call was from Houston, Texas. This is the first time that red flags went up for Crespo, because there was no indication that he was being called by a law firm. Rather, he was being called by what appeared to be non-lawyer debt collectors.

18.     Though the caller ID displayed "MERIDIAN MGMT", the caller stated, "This is Regina Reynolds from the Brachfeld Law Group." Crespo told her what Mr. Brooks had done and how he believed that they had violated Federal and Florida law in their collections efforts. Reynolds stated, "So that's how you try to get out of paying your debts." Crespo ended the telephone call.

19.     Several days later, Crespo received an automated telephone call from the same "800" telephone number. The message left stated that Mrs. Fox was calling and asked that Crespo return the call, which he did. When Crespo returned the call, he was placed on the telephone with Ashley Myles who identified herself as the Office Manager. Crespo confirmed that he was being called from Meridian Management. Crespo then asked about the Brachfeld Law Group, and he was told that they are sister companies, and that they are one and the same.

20. Crespo was transferred to another individual who identified himself as Chris Savoy, the Director of Operations. Crespo told him what had happened thus far. Savoy stated that the individuals discussed all worked for him. When told about the initial contact with Derek Brooks, Savoy denied that anyone named Derek Brooks worked there, claiming that his was a debt collections law firm that and that they did not allow the use of aliases. He also stated that, "Erica Brachfeld is our boss."

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## CRESPO v. MERIDIAN

21. Crespo realleges and incorporates by reference paragraphs 1 through 20 as if fully set forth herein.

22. This is an action against Meridian for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p.

23. Meridian mislead Crespo by means including, *inter alia*, misrepresenting the nature of Meridian as a law office, by fostering the assumption that they were a group of lawyers, by failing to disclose that they were not a group of lawyers, by threatening to take legal action against Crespo if he did not pay on the account, by threatening to take legal action that they could not otherwise legally institute, by failing to disclose to Crespo that they were recording the telephone calls, by failing to make mandatory disclosures as required by the FDCPA, and by lying about the existence of the first caller, Mr. Brooks, all of which Meridian knew was false and misleading.

24. The actions of Meridian as alleged herein and to be proven at trial, constitute a violation of the Fair Debt Collection Practices Act sufficient to warrant liability under 15 U.S.C. § 1692k.

25.     Crespo has sustained actual damages and special damages including, but not limited to, damages related to the intentional infliction of emotional distress and stress related injuries of angina, chest constrictions, shock, loss of appetite, insomnia, anxiety, nervousness, irritability, embarrassment, humiliation, indignation, pain and suffering, and break-up of his wedding engagement.

26.     Erica Brachfeld is an attorney licensed to practice in California, but not Texas. Meridian's business offices are located in Texas, and the telephone calls it placed to Crespo originated from Texas.  Part and parcel of Meridian's fraud is that it misrepresented itself as calling from "Attorney Erica Brachfeld's Office" or words to that effect when, in fact, Erica Brachfeld is not licensed to practice law in Texas.  Based on the joint, common ownership of Meridian and Brachfeld by Erica Brachfeld, Meridian was acting as the agent of Brachfeld, and both are liable jointly and severally to Crespo for the actions of Meridian alleged herein.

WHEREFORE, Plaintiff demands entry of judgment against Meridian and Brachfeld, jointly and severally, for actual damages, special damages, statutory damages, court costs, attorneys' fees pursuant to 15 U.S.C. §1692k (a)(3), interest, and for such other and further relief as the Court deems just and proper.

## COUNT II
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
## CRESPO v. MERIDIAN

27.     Crespo realleges and incorporates by reference paragraphs 1 through 20 as if fully set forth herein.

28.     This is an action against Meridian for violation of the Florida Consumer Collection Practices Act, Florida Statutes § 559.55, et seq.

29.     Meridian mislead Crespo by means including, *inter alia*, misrepresenting the nature of Meridian as a law office, by fostering the assumption that they were a group of lawyers, by failing to disclose that they were not a group of lawyers, by threatening to take legal action against Crespo if he did not pay on the account, by threatening to take legal action that they could not otherwise legally institute, by failing to disclose to Crespo that they were recording the telephone calls, failing to make mandatory disclosures as required by the FCCPA, and by lying about the existence of the first caller, Mr. Brooks, all of which Meridian knew was false and misleading.

30.     Crespo has sustained actual damages and special damages including, but not limited to, damages related to the intentional infliction of emotional distress and stress related injuries of angina, chest constrictions, shock, loss of appetite, insomnia, anxiety, nervousness, irritability, embarrassment, humiliation, indignation, pain and suffering, and break-up of his wedding engagement.

31.     Erica Brachfeld is an attorney licensed to practice in California, but not Texas. Meridian's business offices are located in Texas, and the telephone calls it placed to Crespo originated from Texas. Part and parcel of Meridian's fraud is that it misrepresented itself as calling from "Attorney Erica Brachfeld's Office" or words to that effect when, in fact, Erica Brachfeld is not licensed to practice law in Texas. Based on the joint, common ownership of Meridian and Brachfeld by Erica Brachfeld, Meridian was acting as the agent of Brachfeld, and both are liable jointly and severally to Crespo for the actions of Meridian alleged herein.

32.     The actions of Meridian as alleged herein and to be proven at trial, constitute a violation of Florida Statutes § 559.72 of the Florida Consumer Collection Practices Act sufficient to warrant liability pursuant to Florida Statutes § 559.77.

33. The actions of Meridian as alleged herein were accomplished with sufficient intent and/or gross negligence so as to warrant an award of punitive damages.

WHEREFORE, Plaintiff demands entry of judgment against Meridian and Brachfeld, jointly and severally, for actual damages, special damages, statutory damages, punitive damages, court costs, attorneys' fees pursuant to 15 U.S.C. §1692k (a)(3), interest, and for such other and further relief as the Court deems just and proper.

## COUNT III
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## CRESPO v. BRACHFELD

34. Crespo realleges and incorporates by reference paragraphs 1 through 20 as if fully set forth herein.

35. This is an action against Brachfeld for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p.

36. Brachfeld, acting by and through Meridian, mislead Crespo by means including, *inter alia*, misrepresenting the nature of Meridian as a law office, by fostering the assumption that they were a group of lawyers, by failing to disclose that they were not a group of lawyers, by threatening to take legal action against Crespo if he did not pay on the account, by threatening to take legal action that they could not otherwise legally institute, by failing to disclose to Crespo that they were recording the telephone calls, failing to make mandatory disclosures as required by the FDCPA, by lying about the existence of the first caller, Mr. Brooks, and by misrepresenting that Erica Brachfeld was an attorney licensed to practice in the Texas, all of which Brachfeld knew was false and misleading.

37. The actions of Brachfeld as alleged herein and to be proven at trial, constitute a violation of the Fair Debt Collection Practices Act sufficient to warrant liability under 15 U.S.C. § 1692k.

38. Crespo has sustained actual damages and special damages including, but not limited to, damages related to the intentional infliction of emotional distress and stress related injuries of angina, chest constrictions, shock, loss of appetite, insomnia, anxiety, nervousness, irritability, embarrassment, humiliation, indignation, pain and suffering, and break-up of his wedding engagement.

39. Erica Brachfeld is an attorney licensed to practice in California, but not Texas. Erica Brachfeld purports to act as an attorney licensed in Texas by misrepresenting Brachfeld as having business offices at the same location as Meridian in Texas. Erica Brachfeld directed the location of Meridian's business offices in Texas, and directed telephone calls to be placed to Crespo originating from Texas. Part and parcel of Brachfeld's fraud is that Erica Brachfeld, on behalf of Brachfeld, orchestrated Meridian's own ability to defraud consumers by misrepresenting itself as calling from "Attorney Erica Brachfeld's Office" or words to that effect when, in fact, Erica Brachfeld is not licensed to practice law in Texas. Based on the joint, common ownership of Meridian and Brachfeld by Erica Brachfeld, Meridian was acting as the agent of Brachfeld, and both are liable jointly and severally to Crespo for the actions of Brachfeld alleged herein.

WHEREFORE, Plaintiff demands entry of judgment against Meridian and Brachfeld, jointly and severally, for actual damages, special damages, statutory damages, court costs, attorneys' fees pursuant to 15 U.S.C. §1692k (a)(3), interest, and for such other and further relief as the Court deems just and proper.

## COUNT IV
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
## CRESPO V. BRACHFELD

40.     Crespo realleges and incorporates by reference paragraphs 1 through 20 as if fully set forth herein.

41.     This is an action against Brachfeld for violation of the Florida Consumer Collection Practices Act, Florida Statutes § 559.55, et seq.

42.     Brachfeld, acting by and through Meridian, mislead Crespo by means including, *inter alia*, misrepresenting the nature of Meridian as a law office, by fostering the assumption that they were a group of lawyers, by failing to disclose that they were not a group of lawyers, by threatening to take legal action against Crespo if he did not pay on the account, by threatening to take legal action that they could not otherwise legally institute, by failing to disclose to Crespo that they were recording the telephone calls, failing to make mandatory disclosures as required by the FDCPA, by lying about the existence of the first caller, Mr. Brooks, and by misrepresenting that Erica Brachfeld was an attorney licensed to practice in the Texas, all of which Brachfeld knew was false and misleading.

43.     Crespo has sustained actual damages and special damages including, but not limited to, damages related to the intentional infliction of emotional distress and stress related injuries of angina, chest constrictions, shock, loss of appetite, insomnia, anxiety, nervousness, irritability, embarrassment, humiliation, indignation, pain and suffering, and break-up of his wedding engagement.

44.     Erica Brachfeld is an attorney licensed to practice in California, but not Texas.  Erica Brachfeld purports to act as an attorney licensed in Texas by misrepresenting Brachfeld as having business offices at the same location as Meridian in Texas.  Erica Brachfeld directed the location

of Meridian's business offices in Texas, and directed telephone calls to be placed to Crespo originating from Texas. Part and parcel of Brachfeld's fraud is that Erica Brachfeld, on behalf of Brachfeld, orchestrated Meridian's own ability to defraud consumers by misrepresenting itself as calling from "Attorney Erica Brachfeld's Office" or words to that effect when, in fact, Erica Brachfeld is not licensed to practice law in Texas. Based on the joint, common ownership of Meridian and Brachfeld by Erica Brachfeld, Meridian was acting as the agent of Brachfeld, and both are liable jointly and severally to Crespo for the actions of Brachfeld alleged herein.

45. The actions of Meridian as alleged herein and to be proven at trial, constitute a violation of Florida Statutes § 559.72 of the Florida Consumer Collection Practices Act sufficient to warrant liability pursuant to Florida Statutes § 559.77.

46. The actions of Meridian as alleged herein were accomplished with sufficient intent and/or gross negligence so as to warrant an award of punitive damages.

REMAINDER OF PAGE INTENTIONALLY BLANK

WHEREFORE, Plaintiff demands entry of judgment against Meridian and Brachfeld, jointly and severally, for actual damages, special damages, statutory damages, punitive damages, court costs, attorneys' fees pursuant to 15 U.S.C. §1692k (a)(3), interest, and for such other and further relief as the Court deems just and proper.

DATED:   March 15, 2011

>   Respectfully submitted,
>
>   HOLIDAY RUSSELL, P.A.
>   Attorney for Plaintiff
>   3858 Sheridan Street
>   Hollywood, Florida 33021
>   Telephone: 954.920.5153
>   Facsimile: 954.920.5126
>   Email: hhrussell@holidayrussell.com
>
>
>   By:   s/Holiday Hunt Russell
>         HOLIDAY HUNT RUSSELL, ESQ.
>         FL BAR NO.: 955914