UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60569-CIV-COHN/SELTZER

EDWARD CRESPO, an individual,

        Plaintiff,

vs.

THE BRACHFELD LAW GROUP, a California
professional corporation and MERIDIAN
MANAGEMENT SOLUTIONS, LLC, a California
corporation,

        Defendants.

_____/

## ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT THE BRACHFELD LAW GROUP'S MOTION FOR SUMMARY JUDGMENT AND DENYING IN PART AND GRANTING IN PART DEFENDANT MERIDIAN MANAGEMENT SOLUTIONS, LLC'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendant The Brachfeld Law Group,

P.C.'s Motion for Summary Judgment ("Brachfeld Motion") [DE 34] and Defendant

Meridian Management Solutions, LLC's Motion for Summary Judgment [DE 35]

("Meridian Motion") (collectively "Motions for Summary Judgment"). The Court has

carefully considered the Motions for Summary Judgment, Plaintiff Edward Crespo's

Memorandum in Opposition to Defendant's Motion for Summary Judgment [DE 39]

("Opposition"), all of the parties' submissions, and is otherwise fully advised in the

premises.[1]

### I. BACKGROUND

Plaintiff Edward Crespo ("Plaintiff") filed suit against Defendants The Brachfeld

---

[1]    Defendants did not file reply memoranda in support of their Motions for
Summary Judgment by the deadline of September 23, 2011.

Law Group ("Brachfeld") and Meridian Management Solutions, LLC ("Meridian") (collectively "Defendants") alleging that debt collections calls Defendants made to Plaintiff violate the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692-1692p and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55-559.785.  See Complaint [DE 1].  Count I alleges violations of the FDCPA against Meridian.  Complaint ¶¶ 21-26.  Count II alleges violations of the FCCPA against Meridian.  Id. ¶¶27-33.  Count III alleges violations of the FDCPA against Brachfeld.  Id. ¶¶ 34-39.  Count IV alleges violations of the FCCPA against Brachfeld. Id. ¶¶ 40-46.

According to Plaintiff, debt he owed on two Citibank credit card accounts was placed into collections with Defendants.  Complaint ¶¶ 11-12; The Brachfeld Law Group's Statement of Undisputed Facts in Support of Its Motion for Summary Judgment [DE 34] ¶ 3.  Plaintiff later received a series of telephone calls from Defendants in which they failed to provide him with disclosures required by the FDCPA and FCCPA. Complaint ¶¶ 14-15.  During these phone calls, Plaintiff asserts that Defendants misrepresented to him that they were affiliated with a law firm.  Id. ¶¶ 23, 29, 36, 42. Plaintiff seeks his actual damages, statutory damages, punitive damages, court costs, and attorney fees.  See Complaint.  Defendants have separately moved for summary judgment on Plaintiff's claims.

## II. DISCUSSION

### A. Legal Standards

The Court may grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to

2

any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To discharge this burden, the movant must demonstrate a lack of evidence supporting the nonmoving party's case. Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts to the nonmoving party who "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The non-moving party "may not rely merely on allegations or denials in its own pleading," but instead must come forward with "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

As long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted).

## B. Plaintiff has Sufficiently Established a Consumer Debt Under the FDCPA and FCCPA.

Section 1692e makes it a violation of the FDCPA for a debt collector "[to] use

3

any false, deceptive, or misleading representation or means in connection with the collection of a debt." 15 U.S.C. § 1692e. Both Defendants allege in their Motions for Summary Judgment that Plaintiff has failed to establish that the alleged debt is a "consumer debt" as that term is defined under 15 U.S.C. § 1692a. Meridian Motion at 6; Brachfeld Motion at 5. Title 15 U.S.C. § 1692a(5) defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). The FDCPA further defines "Consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

According to Defendants, they are entitled to summary judgment on Counts I and III of the Complaint because, at his deposition, "Plaintiff was unable to testify to the nature of the original transaction or charges giving rise to the subject debt, was primarily for personal, family or household purposes." Meridian Motion at 6; see also Brachfeld Motion at 5. The Court disagrees. During his deposition, Plaintiff never testified that he utilized his credit cards for non-consumer purposes. Instead, Plaintiff merely stated that he did not "specifically remember each individual charge or what it was for." Deposition of Edward Crespo, Exhibit 1 to Brachfeld's Motion for Summary Judgment ("Crespo Dep.") [DE 34-1] at 13:9-10. Plaintiff submitted an affidavit with his Opposition to the present Motions for Summary Judgment in which he states that "I know with certainty that all of the charges made by me were consumer charges for items of personal, family, and household use. I did not charge any non-personal items to my credit cards." Affidavit of Edward Crespo, Exhibit 1 to Plaintiff's Opposition ("Crespo Aff.") [DE 39-1] ¶

4

12.  Thus, the Court finds that Plaintiff has successfully demonstrated a disputed issue of material fact as to whether the debt at issue was consumer debt and denies Defendants' motions for summary judgment.

Additionally, Meridian moves for summary judgment on Count II, Plaintiff's FCCPA claim, on the same grounds.  The FCCPA similarly defines "consumer debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."  Fla. Stat. § 559.55(1).  For the reasons outlined above, the Court finds that Plaintiff has successfully demonstrated a disputed issue of material fact as to the existence of consumer debt and denies Meridian's Motion as to Count II.

## C. A Disputed Issue of Material Fact Exists as to Whether Brachfeld Complied with the FDCPA's Disclosure Requirements.

Brachfeld also moves for summary judgment on Count III, Plaintiff's FDCPA claim, on the grounds that it provided Plaintiff with all necessary disclosures. Specifically, FDCPA Section 1692e(11) provides that "[t]he failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector" violates the FDCPA.  15 U.S.C. § 1692e(11).  Title 15 U.S.C. § 1692d(6) similarly prohibits "the placement of telephone calls without meaningful disclosure of the caller's identity."  15 U.S.C. § 1692d(6).

5

According to Brachfeld, it is entitled to summary judgment because it sent Plaintiff a letter which disclosed that it was seeking to collect debt. Brachfeld Motion at 7. Thus, Brachfeld contends, all phone calls between Plaintiff and Brachfeld representatives were subsequent communications which only required the callers to disclose they were debt collectors. Brachfeld Motion at 8. Brachfeld attaches Exhibits 7, 8, and 9 to its Motion as evidence that an FDCPA-compliant written disclosure was made to Plaintiff. Brachfeld Motion at 7. Exhibit 7 is a form collections letter and Exhibits 8 and 9 are print-outs of the file activity for Plaintiff's two credit cards. As Plaintiff points out in his Opposition, none of these exhibits establishes that a collections letter which complies with 15 U.S.C. § 1692e(11) was ever sent to Plaintiff. Opposition at 8. Thus, the Court finds that a disputed issue of material fact exists as to whether Brachfeld complied with the FDCPA's disclosure requirements.[2]

### D. A Disputed Issue of Material Fact Exists as to Whether Brachfeld Representatives Misrepresented that They Were Attorneys, But Summary Judgment is Proper on Claims that Brachfeld Threatened to Take Legal Action Against Plaintiff.

Brachfeld further seeks summary judgment on Count III, Plaintiff's FDCPA count,

---

[2]     Plaintiff also rebuts Brachfeld's assertion that subsequent disclosures that Brachfeld made to Plaintiff during telephone conversations were sufficient. Opposition at 8. According to Plaintiff, because a defendant's FDCPA compliance is measured "according to the least sophisticated consumer standard," Plaintiff's knowledge that the calls were for a debt collection purpose is irrelevant. Id. The Court agrees that the Eleventh Circuit requires application of the "least sophisticated consumer" standard to determine whether "a debt collection practice has a tendency or capacity to deceive." Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1175 (11th Cir. 1985). Nonetheless, because the Court finds there is a disputed issue of material fact as to whether Brachfeld provided Plaintiff a written communication which disclosed that Brachfeld was a debt collector attempting to collect a debt and that any information obtained would be used for that purpose, the Court declines to determine whether the subsequent oral disclosures satisfied the FDCPA.

because it claims that its representatives did not misrepresent they were attorneys or threaten legal action against Plaintiff.  Brachfeld Motion at 8-9.  The FDCPA prohibits "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney," 15 U.S.C. §1692e(3), and "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken."  15 U.S.C. § 1692e(5).  Brachfeld cites Plaintiff's deposition testimony as evidence that no Brachfeld representatives ever represented that he or she was an attorney during any of the telephone calls and that no Brachfeld representative ever threatened to take legal action against Plaintiff.  Opposition at 9 (citing Crespo Dep.).

In Opposition, Plaintiff states that he believed he received telephone calls from attorneys because, during the first two phone calls he received, Brachfeld representatives identified themselves as calling from "attorney Erica Brachfeld's office." Crespo Aff. ¶¶ 3-5.  Similarly, Plaintiff states that during his first communication with a Brachfeld representative, he was told that "we need . . . the name and number of your attorney."  Id. ¶ 3.  On this record, the Court finds that Plaintiff has demonstrated that a disputed issue of material fact exists as to whether communications Brachfeld made to Plaintiff were falsely alleged to be from an attorney.  See Rosenau v. Unifund Corp., 539 F.3d 218, 224 (3d Cir. 2008) (holding that debt collection letter from collection company's "legal department," which in fact employed no attorneys, could be interpreted as meaning that attorneys had played role in writing or sending letter, and thus qualified as misleading under FDCPA).

By contrast, Plaintiff has provided no evidence that Brachfeld ever threatened to take legal action against him if he did not pay his debt.  When asked at his deposition

whether he was ever threatened with litigation, Plaintiff stated unequivocally that "[n]o. The conversations never got to that point." Crespo Dep. at 68:13-18. Plaintiff's Opposition and Affidavit fail to address why summary judgment should not be granted to Brachfeld on this issue. Accordingly, Brachfeld's motion for summary judgment as to Count III is granted only as to allegations that Brachfeld threatened Plaintiff with legal action if he did not pay his debt or threatened to take legal action it could not otherwise legally institute.[3]

### E. A Disputed Issue of Material Fact Exists as to Whether the October 4, 2010 Telephone Conversation was a Communication under 15 U.S.C. § 1692a(2) or Fla. Stat. § 559.55(5).

Meridian also claims that it is entitled to summary judgment on both Counts I and II because the October 4, 2010 conversation that Plaintiff had with Regina Reynolds where "Meridian Management" flashed on Plaintiff's caller ID was not a "communication" as that term is defined under either the FDCPA or FCCPA. Meridian Motion at 7. The FDCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. §

---

[3]     In a separate section of its Motion, Brachfeld argues that it is entitled to summary judgment because it never "(1) misrepresented that its collection representatives were lawyers; (2) that Ms. Brachfeld was licensed in the State of Texas; (3) or that litigation was threatened or imminent against Mr. Crespo." Brachfeld Motion at 10. As stated above, there is a genuine issue of material fact as to whether Brachfeld representatives misrepresented to Plaintiff that they were lawyers. Additionally, summary judgment is proper for Brachfeld on the limited issue of whether Brachfeld ever threatened litigation against Plaintiff. Finally, Brachfeld is not entitled to summary judgment regarding the Erica Brachfeld allegations. As explained in Plaintiff's affidavit, Plaintiff looked up the phone numbers he received calls from and discovered that they were registered to "Meridian Management Solutions, LLC" and not the Law Office of Erica Brachfeld as had been represented to him. Crespo Aff. ¶ 7. Thus, Plaintiff's allegations regarding Erica Brachfeld relate to his claims that Brachfeld representatives misrepresented that they were attorneys in violation of 15 U.S.C. §1692e(3).

1692a(2). The definition of "communication" under the FCCPA is identical. Fla. Stat. § 559.55(5). According to Meridian, it is a company "in name only" and is not engaged in the debt collection business. Meridian Motion at 8.[4] Meridian further contends that the October 4, 2010 conversation in which Plaintiff complained about how Brachfeld representatives handled debt collection calls was not a "communication" because it was not a conversation about debt.

The FDCPA does not establish "a categorical rule that only an explicit demand for payment will qualify as a communication made in connection with the collection of a debt." Gburek v. Litton Loan Servicing LP, 614 F.3d 380, 385 (7th Cir. 2010). Determining whether something is a "communication" under the FDCPA involves looking at the would-be communication's purpose, and the context in which it was made. Id. at 386. Here, Plaintiff received a debt-related phone call from Defendants on October 4, 2010 and asked to speak to a supervisor. Crespo Aff. ¶ 6. Fourteen

---

[4]     Meridian also seemingly moves for summary judgment on the grounds that Meridian is not a "debt collector" as defined under the FDCPA or FCCPA. The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6); see also Fla. Stat. § 559.55(6) which has a similar definition. Although Meridian cites deposition testimony from Ralph Ayala that Meridian is not a functioning company and has not engaged in collection activity, Plaintiff contends that "MERIDIAN MGMT" appeared on his caller id when he received a debt collection call on October 4, 2010. Crespo Aff. ¶ 6. Additionally, when he looked up the phone numbers for the calls he received, both numbers were registered to Meridian Management Solutions, LLC. Id. ¶ 7. When Plaintiff spoke with Ashley Myles, he was told that "Meridian Management and the Brachfeld Law Group is an entity within itself." Id. ¶ 9. Chris Savoy also informed Plaintiff that Meridian Management "is a sister company of the Brachfeld Law Group." Id. ¶ 10. Thus, the Court finds that Plaintiff has demonstrated a disputed issue of material fact as to whether Meridian is a debt collector under the FDCPA and FCCPA.

minutes later, Regina Reynolds called Plaintiff. Id. During the phone call, Plaintiff

indicated that he believed Defendants were violating the FDCPA. Id. Additionally,

before the call was over, Ms. Reynolds told Plaintiff "[s]o that's how you try to get out of

paying your debts." Id. Based on this record, Plaintiff has established that the October

4, 2010 phone call related to "information regarding a debt directly or indirectly." See

15 U.S.C. § 1692a(2); Fla. Stat. § 559.55(5). Thus, Meridian's motion for summary

judgment as to Counts I and II on the basis that they were not communications within

the meaning of the FDCPA and FCCPA is denied.

### F. A Disputed Issue of Material Fact Exists as to Whether Plaintiff is Entitled to Non-Economic Damages Related to Emotional Distress.

Both Meridian and Brachfeld contend that they are entitled to summary judgment

on Plaintiff's claims for non-economic damages related to emotional distress because

Plaintiff has not established the elements of an intentional infliction of emotional

distress claim. Meridian Motion at 8; Brachfeld Motion at 11.[5] Defendants' assertions

about the law are incorrect. The FDCPA permits a party to recover "any actual damage

sustained by such person as a result" of an FDCPA violation. 15 U.S.C. § 1692k(a)(1).

The FCCPA similarly provides that "[a]ny person who fails to comply with any provision

of s. 559.72 is liable for actual damages and for additional statutory damages as the

court may allow, but not exceeding $1,000, together with court costs and reasonable

---

[5]      Brachfeld moves for summary judgment on these grounds under Count III,
Plaintiff's FDCPA claim. Brachfeld Motion at 11. Meridian moves for summary
judgment on Count II, Plaintiff's FCCPA claim. Meridian Motion at 8. The argument in
both Motions is identical.

attorney's fees incurred by the plaintiff." Fla. Stat. § 559.77(2).[6]

Courts interpreting the FDCPA have allowed recovery for actual damages related to emotional distress without pleading an intentional infliction of emotional distress claim. Laufman v. Phillips & Burns, Inc., No. 8:07-cv-2171-T-23MSS, 2008 WL 190604, at *2 (M.D. Fla. Jan. 22, 2008) (denying defendant's motion for summary judgment on plaintiff's emotional distress damages under the FDCPA because plaintiff had established via affidavit that he suffered emotional distress); Riley v. Giguiere, 631 F. Supp. 2d 1295, 1315 (E.D. Cal. 2009) (holding that tenant was not required to prove the elements for a claim for intentional infliction of emotional distress under California law in order to recover damages for emotional distress related to violation of FDCPA); Smith v. Law Offices of Mitchell N. Kay, 124 B.R. 182, 189 (D. Del. 1991) (actual damages for

---

[6]        While there is no Florida case where a plaintiff recovered damages related to emotional distress under the FCCPA, courts interpreting the FDCPA have allowed recovery for actual damages related to emotional distress. Additionally, the Middle District of Florida has allowed a plaintiff to recover actual damages related to emotional distress under the FCCPA. Barker v. Tomlinson, No.8:05-CV-1390-T-27EAJ, 2006 WL 1679645, at *3 (M.D. Fla. June 7, 2006) (finding that plaintiff should be awarded actual damages of $10,000.00 under FCCPA for the fear, anxiety, embarrassment, and emotional distress caused by defendant). Furthermore, the FCCPA provides that: "Nothing in this part shall be construed to limit or restrict the continued applicability of the federal Fair Debt Collection Practices Act to consumer collection practices in this state. This part is in addition to the requirements and regulations of the federal act. In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." Fla. Stat. § 559.552. Thus, to the extent that the FDCPA allows recovery for damages related to emotional distress, the FCCPA could be interpreted to allow similar recovery.

emotional distress under the FDCPA can be proved independently of state law requirements for intentional infliction of emotional distress claim).

Here, Plaintiff has testified via his affidavit and deposition that he suffered emotional distress based on Defendants' conduct.  Specifically, Plaintiff states that as a result of Defendants' debt collection activities, he has "suffered stress related injuries of angina, chest constrictions, shock, loss of appetite, insomnia, anxiety, nervousness, irritability, embarrassment, humiliation, indignation, and pain and suffering."  Crespo Aff. ¶ 13.[7]  Based on this factual record, the Court finds that Plaintiff has demonstrated a disputed issue of material fact as to whether he may recover actual damages related to emotional distress and Defendants' motions for summary judgment are denied.

## G. Plaintiff is Not Entitled to Punitive Damages Under the FCCPA Against Defendant Meridian.

Finally, Meridian moves for summary judgment on Plaintiff's claim for punitive damages under Count II, Plaintiff's FCCPA claim.  Meridian states that it is entitled to summary judgment on Plaintiff's claim for punitive damages because he "has neither alleged nor presented evidence of any willful, wanton, or intentional misconduct on the part of MERIDIAN to support a claim for punitive damages."  Meridian Motion at 10.

The FCCPA explicitly allows the court to award punitive damages.  Fla. Stat. § 559.77(2).  To obtain punitive damages for violation of the FCCPA, the plaintiff must establish that the defendant acted with malicious intent.  Tallahassee Title Co. v. Dean,

---

[7]      In his deposition, Plaintiff also testified extensively about how the Defendants' debt collection activities caused his fiancee to call off their engagement. Crespo Dep. at 78:9-87:25.  The court leaves the jury to assess the credibility of Mr. Crespo's story about Sheila Piper and his broken engagement.

411 So.2d 204, 205 (Fla. Dist. Ct. App.1982) (citing Harris v. Beneficial Fin. Co. of Jacksonville, 338 So.2d 196, 200 (Fla.1976)).  "Malice ... imports a wrongful act done to inflict injury or without a reasonable cause or excuse."  Dean at 205-06.

In Opposition, Plaintiff states that he is entitled to punitive damages under the FCCPA because Meridian "impersonated attorneys . . . used the name 'law office' knowing full well that consumers like me would take that to mean that attorneys were calling, and . . . did this intentionally, with reckless disregard for how the consumer would take such representations."  Crespo Aff. ¶ 13.  The Court finds that on this record, Plaintiff, as the non-moving party, has not presented sufficient affirmative evidence to support malicious intent on the part of Meridian.  See Simmons v. Wash. Mut. Fin., Inc., No. 8:06-CV-01613-JDW-TBM, 2007 WL 641101, at *2 (M.D. Fla. Feb. 26, 2007) (holding that Plaintiff did not establish malicious intent entitling her to punitive damages when she merely alleged that defendant's representatives intentionally and willfully harassed Plaintiff in an abusive manner on numerous occasions by attempting to collect a debt that "the Defendant knew the Plaintiff did not owe").  Accordingly, Meridian's motion for summary judgment is granted as to Count II, in so far as Plaintiff may not seek punitive damages under the FCCPA.

### III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1.     Defendant The Brachfeld Law Group, P.C.'s Motion for Summary Judgment [DE 34] is **DENIED IN PART and GRANTED IN PART**;

2.     All claims in Plaintiff's Complaint against Defendant The Brachfeld Law Group, P.C. survive except for Plaintiff's claims under Count III that Brachfeld threatened to take legal action against Plaintiff;

3.     Defendant Meridian Management Solutions, LLC's Motion for Summary Judgment [DE 35] is **DENIED IN PART AND GRANTED IN PART**; and

4.     All claims in Plaintiff's Complaint against Defendant Meridian Management Solutions, LLC survive except for Plaintiff's claims under Count II for punitive damages.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 28TH day of September, 2011.

**JAMES I. COHN**
**United States District Judge**

14