UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60569-CIV-COHN/SELTZER

[Jury Instructions v. 2]

**EDWARD CRESPO,**

    **Plaintiff,**

v.

**THE BRACHFELD LAW GROUP,**

    **Defendant.**

_____/

## THE LAW

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions—what we call your deliberations.

## CONSIDERATION OF THE EVIDENCE

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only

through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence—that is, the testimony of the witnesses and the exhibits I have admitted in the record—but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

## **CREDIBILITY OF WITNESSES**

Now, in saying that you must *consider* all of the evidence, I do not mean that you must *accept* all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness

2

have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

## IMPEACHMENT

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## BURDEN OF PROOF

In this case, each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of evidence." This is sometimes called the "burden of proof" or the "burden of persuasion." A "preponderance of evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proven by a preponderance of evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of evidence, you should find for the Defendant as to that claim.

## SUMMARY OF CLAIMS

In this case, the Plaintiff seeks statutory and actual damages against the Defendant for alleged violations of the Fair Debt Collection Practices Act, or "FDCPA," and the Florida Consumer Collection Practices Act, or "FCCPA." The Defendant denies the allegations of liability and has asserted certain defenses that I will explain to you. Because the FDCPA and FCCPA were designed to accomplish similar goals, they overlap considerably. I will point out to you any important differences between them, and where they are the same, I may refer to them collectively as "the Acts."

The parties have agreed that the Plaintiff is a "consumer" as that term is used in the Acts. The parties have also agreed that the Defendant was acting as a debt collector. Finally, whether the Plaintiff owes the underlying debt is not an issue in this case. Therefore, you may not consider whether Plaintiff is actually indebted in determining whether the Defendant violated the Acts.

Plaintiff claims that the Defendant violated the Acts by:

1. not disclosing in its initial communication with the Plaintiff that Defendant was

4

attempting to collect a debt and that any information it obtained would be used for that purpose;

2. not disclosing during subsequent communications that those communications were from a debt collector; and

3. falsely implying an association with an attorney or law firm or misrepresenting that the communications were from an attorney;

I will discuss Plaintiff's claims and Defendant's defenses in more detail.

## **PLAINTIFF'S CLAIM I-A**

The Federal Fair Debt Collection Practices Act contains the following general rule:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

In Claim I-A, the Plaintiff contends that the Defendant violated the above provision by failing to comply with the following provision of the Federal Fair Debt Collection Practices Act:

The failure to disclose in the initial oral communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector.

To prevail on his claim under this section, the Plaintiff must prove by a preponderance of evidence that the Defendant:

1. is a "debt collector" within the meaning of the FDCPA;

2. engaged in a "communication" with the Plaintiff that was in connection with the collection of a "debt;" and

3. failed to disclose in the initial communication with Plaintiff, whether written or oral, that the Defendant was attempting to collect a debt and that any information obtained

5

>   would be used for that purpose; or

4. failed to disclose in subsequent communications that the communication was from a debt collector.

The parties agree that the Brachfeld Law Group is a "debt collector" that engaged in a "communication," which is the conveying of information regarding a debt directly or indirectly to any person through any medium.

A "debt" for the purposes of FDCPA must be an obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

If you consider whether a letter was sent or received, you are instructed that as a matter of law there is a rebuttable presumption that a properly mailed letter is received by the person to whom it is addressed. In other words, if you find that a letter was properly mailed, you can assume that it was received unless you are persuaded by further evidence that it was not. This presumption may be referred to as the "mail box rule."

## PLAINTIFF'S CLAIM I-B

In Claim I-A, the Plaintiff contends that the Defendant violated the general rule stated above by failing to comply with the following provision of the Federal Fair Debt Collection Practices Act:

> The false representation or implication that any individual is an attorney or that any communication is from an attorney.

To prevail on his claim under this provision, the Plaintiff must prove by a preponderance of evidence that the Defendant:

6

1. is a "debt collector" within the meaning of the FDCPA;

2. engaged in a "communication" with the Plaintiff that was in connection with the collection of a "debt;" and

3. falsely implied that an individual was an attorney or that a communication came from an attorney.

The terms "debt collector," "debt," and "communication" have the same meanings provided above, and as explained above, the parties agree that the Brachfeld Law Group is a debt collector that engaged in a communication about debt.

In determining whether a communication was misleading, you should use the standard of the "least sophisticated consumer." This means that you should determine the effect the communications would have not on the Plaintiff in this particular case and not on a consumer of average reasonableness or intelligence. Rather, you must consider the effect of the communications on an imaginary "least sophisticated consumer"—that is, one with a basic level of understanding and a willingness to read and listen with care, but one who may be more gullible or naïve than the average consumer. If a communication would have deceived or misled the "least sophisticated consumer," the communication violates this provision regardless of whether the Plaintiff in this case was actually deceived or misled.

If a debt collector represents or implies that he or she is associated with an attorney, a law firm, or law group, that statement would not be a "false representation" within the meaning of the Fair Debt Collection Practices Act if (1) the speaker is in fact an attorney or (2) if an attorney has had meaningful involvement with the debtor's file and the non-attorney speaker is conveying specific information at the attorney's direction.

7

As an alternative, if a debt collector represents that he or she is associated with an attorney, a law firm, or law group, that statement would not be a "false representation" within the meaning of the Fair Debt Collection Practices Act if, prior to or during the conversation, a disclaimer is made to the debtor which makes clear even to the least sophisticated consumer that the law firm or attorney making the communication is not, at the time of the communication, acting as an attorney or conveying specific information at the direction of an attorney.

### **PLAINTIFF'S CLAIM II**

In addition to its claim that the Defendant violated the FDCPA, Plaintiff also claims that the Defendant violated the following provision of the FCCPA:

In collecting consumer debts, no person shall:

Orally communicate with a debtor in a manner that gives the false impression or appearance that such person is or is associated with an attorney.

To prevail on his claim under section 559.72(12), the Plaintiff must prove by a preponderance of evidence that the Defendant:

1. is a "debt collector" within the meaning of the FCCPA;

2. engaged in an oral "communication" with Plaintiff that was in connection with the collection of a "debt;" and

3. communicated in a manner that gave the false impression or appearance that the person communicating with Plaintiff was an attorneys or was associated with an attorney.

The terms "debt" and "communication" have the same meanings provided above. The term "debt collector" has substantially the same meaning provided above. The only difference is

8

that, because the FCCPA is a state law, there is no requirement that the person or entity use an instrumentality of interstate commerce. Rather, the person must use an instrumentality of commerce within the state. A telephone or letter is an instrumentality of commerce within the state.

Although this rule is phrased differently than the provision in Claim I-B, you should apply the same standards outlined above. That is, you should evaluate the communications from the perspective of the "least sophisticated consumer." Additionally, under this provision an association with an attorney must be meaningful in the sense that the associated attorney is actually involved to the extent implied by the Defendant's communications unless the Defendant provided a clear and accurate disclaimer to the contrary.

## BONA FIDE ERROR DEFENSE

Both the FDCPA and the FCCPA include a bona fide error defense. The applicable provision of the FDCPA, which is section 1692k(c), states as follows:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

The applicable provision of the FCCPA, which is section 559.77(3), states as follows:

> A person may not be held liable in any action brought under this section if the person shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

For that reason, if you find that Plaintiff has proved a violation of any of the foregoing sections by a preponderance of evidence, you must then consider whether the bona fide error defense applies.

A debt collector asserting the bona fide error defense must show by a preponderance of

evidence that its violation of the Act:

1. was not intentional;

2. was a bona fide error; and

3. occurred despite the maintenance of procedures reasonably adapted to avoid any such error.

"Bona fide" means "in or with good faith; honestly, openly, and sincerely; without deceit or fraud." To be considered a bona fide error, the debt collector's mistake must be objectively reasonable—that is, reasonable from the perspective of an ordinarily prudent person under similar circumstances and not necessarily from the Defendant's particular point of view.

## DAMAGES

If you find that the Defendant violated either the Fair Debt Collection Practices Act or the Florida Consumer Collection Practices Act and that the bona fide error defense is not available, then you may award Plaintiff a monetary judgment called "damages."

If you award damages, there are different types of damages that you may award depending on your factual determinations regarding the violation. The first type is "actual damages." Actual damages compensate the Plaintiff for any harm actually caused by a violation. In this case, the Plaintiff says that the Defendant's violations caused him emotional distress. To the extent you find this to be true, you must award actual damages to compensate Plaintiff for this harm.

In addition to actual damages, each Act allows you to award the Plaintiff "statutory damages" of up to $1,000.00. These damages are not related to any actual harm shown by the Plaintiff, but rather are awarded *in addition* to actual damages. Therefore, even if you find that a violation did not actually harm the Plaintiff, you may still award statutory damages.

Regarding the $1,000.00 limit, please note two things. First, each Act has a separate limit. Therefore, if you find violations of both the FDCPA and the FCCPA, the total limit on statutory damages is $2,000.00, which includes $1,000.00 for each Act. Second, the $1,000.00 cap for each Act applies per case, not per violation. Therefore, no matter how many violations you find under either Act, you may only award statutory damages of up to $1,000.00.

In determining whether to award statutory damages and, if awarded, the amount to award, you must consider the following factors:

(1) the frequency and persistence of noncompliance by the debt collector;

(2) the nature of such noncompliance; and

(3) the extent to which noncompliance was intentional.

The factors are the same whether you are considering a violation of the FDCPA or the FCCPA.

## **DUTY TO DELIBERATE**

Of course, the fact that I have given you instructions concerning Plaintiff' damages should not be interpreted in any way as an indication that I believe Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were

11

wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## ELECTION OF FOREPERSON; EXPLANATION OF VERDICT FORM

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in Court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.